**CHENGCAI YAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74995.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Conlan, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brianne Whelan, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Chengcai Yan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007), we deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Yan's testimony and his asylum declaration regarding whether he read a book on Falun Gong while in China, *see Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004), and based on his demeanor during the hearing, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). In the absence of credible testimony, Yan failed to establish he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Because Yan's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if he returned to China, his CAT claim fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.